# United States District Court
# Central District of California

| | |
|---|---|
| SERAFIN MENDEZ, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>SELENE FINANCE LP, a Delaware corporation; THE WOLF FIRM, a California Corporation; and DOES 1-100, INCLUSIVE,<br><br>        Defendants. | Case No. 2:16-cv-09335-ODW-FFM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [50]** |

## I. INTRODUCTION

Defendant Selene Finance LP ("Selene"), together with Defendant M&T Bank move for summary judgment on all of Plaintiff Serafin Mendez's ("Plaintiff") negligence claim. (Mot., ECF No. 50; Joinder Not. Motion, ECF No. 57.) Selene argues that there are no genuine issues of material fact and Plaintiff failed to provide evidence of either a breach of duty or any damages. (*Id.* at 1.) For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment in its entirety as to both Selene and M&T Bank. (ECF No. 50.)[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On February 20, 2013, Plaintiff borrowed $451,668.00 (the "Loan") and executed a promissory note secured by a Deed of Trust encumbering real property located in Lancaster, California (the "Property"). (Second Am. Compl. ("SAC") ¶¶ 13–14, ECF No. 32; Def.'s Statement of Uncontroverted Facts ("SUF") ¶ 1, ECF No. 50-1.) The Deed of Trust was also recorded on February 20, 2013, and named Pacificbanc Mortgage as the beneficiary. (SUF ¶¶ 1–2.) Sometime in 2014, Plaintiff defaulted on her payments on the loan, and the foreclosure trustee recorded a Notice of Default ("NOD") on September 17, 2014. (SUF ¶¶ 3–4.) The NOD provided that as of September 16, 2014, the default amount due was $32,347.67. (SUF ¶ 5.)

Plaintiff made no Loan payments in 2014 and then made a total of $23,327.49 in Loan payments in 2015. (SUF ¶¶ 6–7.) Plaintiff paid this amount over the course of four payments, as follows: (1) $10,000.00 on February 3, 2015; $3,331.49 on March 2, 2015; (3) $6,664.00 on April 24, 2015; and $3,332.00 on June 8, 2015. (SUF ¶ 8.) The payments made in 2015 were insufficient to reinstate the Loan and bring it current. (SUF ¶ 9.) On August 20, 2015, the trustee recorded the Notice of Trustee's Sale ("NOS"). (SUF ¶ 10.) On October 3, 2016, the servicing of the Loan transferred to Selene. (SUF ¶ 11.) As of that date, the Loan was due for the August 2014 payment. (SUF ¶ 12.) A foreclosure sale of the Property took place on June 13, 2017. (SUF ¶ 23.)

Plaintiff filed his original complaint in the Los Angeles Superior Court on November 17, 2016, alleging causes of action for negligence, violation of California Civil Code § 2923.6, accounting, and violation of California's Unfair Competition Law ("UCL") against Selene and the Wolf Firm.[2] (ECF No. 1-1.) Selene removed the case to this Court from the Los Angeles Superior Court on December 19, 2016. (Not. Removal, ECF No. 1.) On December 27, 2016, Selene moved to dismiss the Complaint. (ECF No. 7.) The Court granted the Defendant's motion in its entirety on

---

[2] The Wolf Firm filed a Declaration of Nonmonetary Status in this action. (ECF No. 1-4.)

February 7, 2017, but also granted Plaintiff leave to amend with regard to his UCL and negligence claims. (ECF No. 16.) Plaintiff filed the SAC on May 2, 2017, alleging a single negligence claim based on Selene's failure to credit $23,327.49 to his account.[3] (*See generally* SAC.) In the SAC, Plaintiff added M&T Bank as a named defendant. (*Id.* ¶ 4.)

Selene propounded written discovery on Plaintiff on August 10, 2017, including Requests for Admissions. (SUF ¶ 13.) Plaintiff did not respond. (SUF ¶ 14.) Plaintiff also failed to respond to Selene's meet-and-confer letter sent on October 20, 2017. (*Id.*) On November 7, 2017, Selene moved for summary judgment. (ECF No. 50.) On December 13, 2017, Defendant M&T Bank joined in Selene's Motion. (Not. Joinder, ECF No. 57.) Plaintiffs did not file opposition.

### III. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden rests with the movant to demonstrate the absence of a fact or facts necessary for one or more essential element of the claim for which summary judgment is sought. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once this initial burden is met, responsibility shifts to the non-moving party to establish specific facts demonstrating the existence of a genuine issue of fact for trial. *Id.* at 330. In so doing, the non-moving party must make more than "conclusory allegations." *Lujan v. Nat'l Wildlife Fed'n*, 498 U.S. 871, 888 (1990). They cannot simply rely upon the pleadings. *Id.* at 902. If the non-moving party fails to make a showing to establish the existence of all elements essential to the party's case for

---

[3] The Court dismissed Plaintiff's alternative theory of liability, regarding Selene's alleged failure to properly consider him for a mortgage modification, without leave to amend. (ECF No. 16 at 4–5.) Nonetheless, the SAC contained allegations related to this theory. (ECF No. 32.) Selene moved to strike the portions of the SAC referencing this theory. (Mot. Strike, ECF No. 35.) The Court granted that Motion. (Order Granting Mot. Strike, ECF No. 42.)

which he bears the burden of proof, then summary judgment should be granted to the moving party. *Id.* at 884.

When deciding the outcome of a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The Court looks at the facts presented by the non-moving party, as well as all undisputed facts, to make a determination of whether the moving party is entitled to judgment as a matter of law. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). If the Court determines that no rational trier of fact could find for the nonmoving party on the claims at issue, then summary judgment is appropriate. *Matsushita*, 475 U.S. at 587.

The Court may not grant a motion for summary judgment on the basis that the non-moving party fails to oppose it. *See Cristobal v. Siegal*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994). "However, when the opposing party fails to challenge the facts asserted by the moving party . . . the Court may consider the facts undisputed (or 'deemed admitted') for purposes of the motion[.]" *Acevado v. City of Anaheim*, No. 8:14-cv-01147-ODW(E), 2016 WL 79786, at *3 (C.D. Cal. Jan. 6, 2016). Accordingly, the Court may grant summary judgment where the "undisputed facts, the motion, and its supporting papers" demonstrate that the movants are entitled to it. *Id.*

## IV. DISCUSSION

Selene moved for summary judgment on the grounds that there is no genuine issue of material fact as to both Selene's standard of conduct and Plaintiff's damages. (ECF No. 50.) Because the Plaintiff failed to file any opposition, the Court accepts Selene's facts as admitted and turns to determine whether these facts properly call for summary judgment. *See Acevado*, 2016 WL 79786, at *3. In order to successfully allege a claim for negligence, a plaintiff must show "(1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages." *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1249–50 (E.D. Cal. 2016).

**A. Breach of Duty**

Plaintiff alleges that the Selene breached a duty to Plaintiff when, after acquiring the servicing rights of Plaintiff's Loan, Selene failed to credit $23,327.49 to Plaintiff's mortgage account and "did not properly review his loan account to credit the payments made." (SAC ¶¶ 22, 32.) However, it is the Plaintiff's duty to show the existence of a duty and breach. *See Cisco Systems, Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 895 (N.D. Cal. 2014).

On August 10, 2017, Selene served discovery requests on Plaintiff, which included the following Requests for Admission:

- Admit YOU have no facts evidencing your contention in paragraph 21 of the SAC that Selene failed to credit $23,327.49 in payments toward YOUR loan.
- Admit YOU have no facts to support your contention in paragraph 21 of the SAC that the last mortgage statements provided by Selene did not reflect $23,327.49 in loan payments.
- Admit YOU have no facts to support your contention in paragraph 22 of the SAC that Selene did not properly review YOUR loan account to credit the payments made.
- Admit YOU have no facts to support your contention in paragraph 35 of the SAC that Selene misappl[ied] YOUR loan payments.

(Decl. of Nicole Dunn ¶ 6, ECF No. 52.) Plaintiff never responded to these discovery requests. (SUF ¶ 14.) Under Rule 36 of the Federal Rules of Civil Procedure, "[a] matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves . . . a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3).

By failing to respond to written discovery, Plaintiff is deemed to have admitted that he has no evidence Selene failed to credit $23,327.49 in loan payments—or that

recent mortgage statements provided by Selene did not reflect that amount in payments. (SUF ¶¶ 16–17); *see also Acevado*, 2016 WL 79786, at *3.

Moreover, Plaintiff claims that the alleged failure to credit Plaintiff's account occurred in 2014. (SAC ¶¶ 18–21.) Selene, however, did not take over serving the Loan until October 3, 2016, after the alleged misapplication of payments. (SUF ¶ 11.) Thus, even if the mishandling of funds did occur, which Plaintiff has not established, it would not show a breach by Selene because, at that time, Selene had not yet begun servicing Plaintiff's loan.

Because (1) Selene has presented undisputed evidence that it was not servicing the loan at the time the alleged credit should have been applied and (2) Plaintiff has been deemed to have admitted that he has no evidence to support his contention that Selene owed him a duty of care or breached such a duty, there is no genuine issue of fact with regard to these issues.

**B.    Damages**

To establish a negligence claim, Plaintiff must also demonstrate the existence of damages. *See Cisco Systems*, 77 F. Supp. 3d at 895. Plaintiff alleges that "[t]he improper review and processing of Plaintiff's loan modification application and misappl[ication of] his payments deprived Plaintiff of the possibility of obtaining loss mitigation assistance." (SAC ¶ 35.) However, Plaintiff's deemed admissions support Defendants' contentions that he has not sustained *any* damages as a result of Defendants' alleged actions. (*See* SUF ¶ 20.) Thus, Plaintiff has failed to establish any issue of material fact as to whether Selene acted negligently, since the uncontroverted facts do not demonstrate a breach of duty or the existence of damages.

**C. M&T Bank**

As explained above, the Court finds there is no genuine issue of material fact with respect to Plaintiff's negligence claim. Because the failings of Plaintiff's negligence claim—namely, Plaintiff's deemed admission that he has not suffered any—apply equally to both Selene and M&T Bank, summary judgment is appropriate as to both Defendants.[4]

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 50) and **DISMISSES** this action in its entirety. The Court will issue a judgment.

**IT IS SO ORDERED.**

February 22, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[4] The Court previously noted that "if Selene cannot be held primarily liable for negligence[,] . . . then M&T bank cannot be held vicariously liable for Selene's negligence." (Order Granting Mot. Strike, ECF No. 42.)